B. Newal Squyres, ISB #1621
Brian C. Wonderlich, ISB #7758
HOLLAND & HART LLP
Suite 1400, U.S. Bank Plaza
101 South Capitol Boulevard
P.O. Box 2527
Boise, Idaho 83701-2527
Telephone: (208) 342-5000
Facsimile: (208) 343-8869
nsquyres@hollandhart.com
bcwonderlich@hollandhart.com

Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| JOHNNY RAMSEY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, a foreign corporation<br><br>Defendant. | Case No. 4:12-cv-00527<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** |

Defendant Hartford Life And Accident Insurance Company ("Hartford"), through its attorneys, Holland & Hart LLP, submits this Notice of Removal for the purpose of removing this action from the District Court of the Sixth Judicial District of the State of Idaho, in and for the County of Bannock, to the United States District Court for the District of Idaho. Hartford's petition for removal is based on the grounds that this action is a civil action which may be removed to this Court pursuant to the provisions of 28 U.S.C. Section 1332 and 28 U.S.C. Section 1446 in that the suit has been brought between citizens of different states and the amount

in controversy exceeds the sum of $75,000, exclusive of costs and interest. This removal is supported by the Declaration of B. Newal Squyres in Support of Defendant's Notice of Removal (hereinafter "Squyres Dec.") and based on the following grounds:

1. On or about September 19, 2012, Plaintiff Johnny Ramsey ("Plaintiff") commenced this action by filing a summons and complaint in the Sixth Judicial District Court of the State of Idaho, in and for the County of Bannock, entitled *Johhny Ramsey, an individual, v. Hartford Life and Accident Insurance Company, a foreign corporation*, Case No. CV 12-4028 OC. The contents of the state court file and docket sheet, including the complaint and summons, are attached hereto as **Exhibit 1** to the Squyres Dec. (hereinafter "Exhibit 1") and incorporated herein by reference. To Hartford's knowledge, Exhibit 1 constitutes the entire state court file.

2. Service of the summons and complaint was not immediately made.

3. On or about September 24, 2012, Hartford was served with the summons and complaint dated September 19, 2012. *See* Exhibit 1. No prior pleading or paper has been served on Hartford.

4. Plaintiff's Complaint (¶ 8) makes "a claim for breach of contract pursuant to Idaho Code § 41-1839 arising out of Hartford's failure to pay Plaintiff the amount justly due to him as a named beneficiary to an accidental death and dismemberment policy (hereinafter "Policy") purchased by Plaintiff's ex-wife, Margie Ramsey, from Hartford." *See* Exhibit 1.

5. It is undisputed that this civil action is between citizens of different states.

6. Hartford is informed and believes, and on that basis, alleges, that Plaintiff was, at the time of commencement of this action, and is now, a resident and citizen of the state of Idaho,

wherein this action is brought. Plaintiff alleges this in paragraph 2 of his Complaint. *See* Exhibit 1.

7. Hartford is organized and exists by virtue of the laws of the state of Connecticut with its principal place of business in Simsbury, Connecticut, and, therefore, is a "foreign corporation" in Idaho. *See* Squyres Dec. ¶ 5. Plaintiff states that Hartford is a "foreign corporation" in the caption of his Complaint. *See* Exhibit 1.

8. It is undisputed that the amount in controversy exceeds the jurisdictional limit of $75,000.

9. The damages sought by Plaintiff's Complaint (p. 7) include "compensatory damages (both economic and non-economic) caused by Hartford's breach of contract, Hartford's breach of its duty of good faith and fair dealing, and Hartford's bad faith; . . . prejudgment interest . . . ; [and] reasonable costs and attorneys fees." *See* Exhibit 1.

10. Attorney fees are recoverable if the insured prevails in an action such as this brought pursuant to Idaho Code Section 41-1839.

11. The amount of attorney fees is properly considered in determining the amount in controversy for purposes of removal. *See Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150 (9th Cir. 1998) (holding that attorney fees that plaintiffs can recover as a matter of law must be considered by the Court in calculating the amount in controversy).

12. Attached to the Squyres Dec. as **Exhibit 2** and incorporated herein by reference is a true and correct copy of discovery relating to this matter dated September 21, 2012, and signed by Plaintiff's counsel (hereinafter Exhibit 2).

13. Included in Exhibit 2 is a set of requests for admission. Request for Admission No. 2 asks Hartford to admit that "the Hartford policy at issue in this case has policy limits of $151,000 available to Plaintiff." *See* Exhibit 2.

14. Plaintiff's Request for Admission No. 3 asks Hartford to admit that "the Hartford policy at issue in this case has policy limits of $150,000 available to Plaintiff." *See id.*

15. Plaintiff's Request for Admission No. 4 asks Hartford to admit that "the Hartford policy at issue in this case has policy limits of $101,000 available to Plaintiff." *See id.*

16. Plaintiff's Request for Admission No. 5 asks Hartford to admit that "the Hartford policy at issue in this case has policy limits of $100,000 available to Plaintiff." *See id.*

17. Plaintiff's Requests for Admission do not ask Hartford to admit that any other amount is at issue in this case.

18. Plaintiff's Requests for Admission demonstrate that the amount in controversy exceeds the jurisdictional limit of $75,000.

19. In a letter dated January 26, 2012, and addressed to Hartford, counsel for Plaintiff (Mr. Robison) "requested that the policy limit of $100,000 be tendered payable to Mr. Ramsey." Squyres Dec., Exhibit 2, Requests for Admission, Exhibit D, final page.

20. In a letter dated June 12, 2012, and addressed to Hartford, counsel for Plaintiff (Mr. Ruchti) asserted that "Mr. Ramsey is entitled to payment under the policy in the amount of $151,000." *Id.*, Requests for Admission, Exhibit G, final page. This letter also stated that if litigation were pursued, "Mr. Ramsey will also pursue claims for pre-judgment interest and litigation costs" in addition to the policy amount. *Id.*

21. The letters from Plaintiff's counsel dated January 26, 2012, and June 12, 2012, demonstrate that the amount in controversy exceeds the jurisdictional limit of $75,000.

22. Hartford has filed this Notice of Removal of Action within thirty (30) days of its receipt of Plaintiff's Summons and Complaint, and within one (1) year of the commencement of this action. Therefore, the removal is timely under 28 U.S.C. Section 1446(b).

23. There are no additional defendants that are required to join in this Notice of Removal.

24. On October 17, 2012, a Notice of Removal to Federal Court was filed with the Clerk of the Sixth Judicial District Court of the State of Idaho, in and for the County of Bannock. Attached to the Squyres Dec. and incorporated herein as **Exhibit 3** is a true and correct copy of that Notice.

25. On October 17, 2012, a copy of this Notice and the Notice filed with the Clerk of the Sixth Judicial District Court of the State of Idaho, in and for the County of Bannock, was served upon counsel for Plaintiff.

WHEREFORE, Hartford prays that the above action pending in the Sixth Judicial District Court of the State of Idaho, in and for the County of Bannock, be removed from that court to this Court.

DATED this 19th day of October, 2012.

HOLLAND & HART LLP

By *_____/s/ B. Newal Squyres_____*
B. Newal Squyres, of the firm
Brian C. Wonderlich, for the firm
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of October, 2012, I caused the foregoing to filed electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

James D. Ruchti
Ruchti & Beck, PLLC
275 South 5th Avenue
Suite 140
Pocatello, ID 83201
james@idaholaw.us

*/s/ B. Newal Squyres*
for HOLLAND & HART LLP

5787854_1.DOC