## Case Number Result Page

**Bannock**

**1 Cases Found.**

**Johnny Ramsey vs. Hartford Life and Accident Insurance Company**

Case: **CV-2012-0004028-OC**  **District**  Filed: **09/19/2012**  Subtype: **Other Claims**  Judge: **Stephen S Dunn**  Status: **Pending**

Defendants: **Hartford Life and Accident Insurance Company**
Plaintiffs: **Ramsey, Johnny**

Register of actions:

| Date | |
|---|---|
| 09/19/2012 | Place Location Of File Here!!!!!update Me |
| 09/19/2012 | New Case Filed-Other Claims |
| 09/19/2012 | Complaint Filed |
| 09/19/2012 | Summons Issued |
| 09/19/2012 | Filing: A - All initial civil case filings of any type not listed in categories B-H, or the other A listings below Paid by: ruchti and beck law office Receipt number: 0033308 Dated: 9/19/2012 Amount: $96.00 (Check) For: |
| 10/02/2012 | Return of service - srvd on Hartford Life and Accident i nsurance company on 9-24-2012 |

*Connection: Public*

EXHIBIT 1

James D. Ruchti [ISB No. 6366]
Joel A. Beck  [ISB No. 6482]
Ruchti & Beck Law Offices
275 South 5th Ave. Suite 140
Pocatello, Idaho 83201
Telephone No. (208) 478-5100
Facsimile No. (208) 232-5100

*Attorneys for Plaintiff*



2012 SEP 19 PM 1:26

STEPHEN S. DUNN

IN THE DISTRICT COURT OF THE SIXTH JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF BANNOCK

| | |
|---|---|
| JOHNNY RAMSEY, an individual, | Case No. CV 12-4028 OC |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, a foreign corporation, | Fee Category: A<br>Fee: $96.00 |
| Defendant. | |

COMES NOW Plaintiff Johnny Ramsey, by and through his undersigned counsel, and for a cause of action against the above-named Defendant Hartford Life and Accident Insurance Company (hereinafter "Hartford"), complains and alleges as follows:

## I. INTRODUCTION

**1.**

This is a claim for breach of contract pursuant to Idaho Code § 41-1839.

**2.**

At all times material herein, Plaintiff was a resident of Bannock County, Idaho.

**3.**

At all times material herein, Defendant Hartford is a foreign corporation authorized to do business in the State of Idaho, whose business includes entering into insurance contracts with consumers, including, but not limited to, accidental death insurance policies, within the State of Idaho.

## II. JURISDICTION AND VENUE

**4.**

This is an action to recover money damages in an amount in excess of $10,000.00

**5.**

This Court has original jurisdiction over the subject matter of all of Plaintiff's claims against Hartford in this action.

**6.**

Venue is proper in the District Court of the Sixth Judicial District for the State of Idaho, in and for the County of Bannock, pursuant to Idaho Code § 41-1838.

## III. GENERAL ALLEGATIONS

**7.**

Plaintiff repleads and incorporates the foregoing allegations as if fully set forth herein.

**8.**

This is a claim for breach of contract pursuant to Idaho Code § 41-1839 arising out of Hartford's failure to pay Plaintiff the amount justly due to him as a named beneficiary to an accidental death and dismemberment policy (hereinafter "Policy") purchased by Plaintiff's ex-wife, Margie Ramsey, from Hartford. The Policy is attached hereto as Exhibit A.

**9.**

Ms. Ramsey purchased the Policy through her credit union – Advantage Plus Federal Credit Union ("Advantage Plus") – on May 25, 2006 when she filled out an application referred to herein as the "Activation Form." The Activation Form is attached hereto as Exhibit B.

**10.**

Ms. Ramsey died on July 19, 2011.

**11.**

Upon information and belief, Ms. Ramsey died as a result of one or more of the following: (1) an accidental poisoning of Ms. Ramsey through the prescription use of two or more of the drugs prescribed by her physicians; (2) an unanticipated toxic cross-reaction between two or more of Ms. Ramsey's prescription medications; or (3) an accidental poisoning of Ms. Ramsey from her prescription drugs due to the alteration of the manner in which the delivery of her medications was facilitated and the fact that she received an overdose of her medication.

**12.**

On the following dates, Plaintiff made written requests to Hartford for payment to him of the Policy's benefits: September 26, 2011; December 2, 2011; January 26, 2012; February 21, 2012; March 26, 2012; April 5, 2012; and June 12, 2012.

**13.**

Pursuant to Idaho Code § 41-1839, Plaintiff has complied with all conditions precedent to making a claim for benefits under the Hartford Policy at issue in this case.

**14.**

Hartford denied Plaintiff the Policy's benefits in writing on the following dates: January 13, 2012 and March 12, 2012.

**15.**

To pursue his benefits under the Policy, Plaintiff was forced to hire an attorney, thereby requiring Plaintiff to incur attorney fees and costs.

## IV. CLAIM FOR RELIEF

**16.**

Plaintiff repleads and incorporates the foregoing allegations as if fully set forth herein.

**17.**

Hartford owed Plaintiff a duty of good faith and fair dealing and had a duty not to engage in bad faith insurance practices.

**18.**

Plaintiff is entitled to payment of benefits under the Policy.

**19.**

Plaintiff's claim is covered under the Policy.

**20.**

Coverage of Plaintiff's claim under the Policy is not fairly debatable.

**21.**

Hartford denied Plaintiff's claim under the Policy.

**22.**

Plaintiff has proven coverage under the Policy to the point that, based on the evidence Hartford had before it, Hartford intentionally and unreasonably withheld Plaintiff's benefits.

**23.**

Hartford's denial of coverage under the Policy was not the result of a good faith mistake.

**24.**

Hartford's intentional and unreasonable denial of benefits to Plaintiff constitutes a breach of contract with Plaintiff, who was a named beneficiary under the Policy.

**25.**

Hartford's intentional and unreasonable denial of benefits to Plaintiff constitutes a breach of its duty of good faith and fair dealing.

**26.**

Hartford's intentional and unreasonable denial of benefits to Plaintiff constitutes bad faith.

**27.**

As a direct and proximate result of Hartford's bad faith and wrongful denial of benefits justly due to Plaintiff under the Policy, Plaintiff has incurred contract damages, all in such sum as shown by the evidence to be just and reasonable.

**28.**

The harm to Plaintiff resulting from Hartford denying Plaintiff's claim under the Policy is not fully compensable by contract damages.

**29.**

As a direct and proximate result of Hartford's bad faith and wrongful denial of benefits justly due to Plaintiff under the Policy, Plaintiff has incurred damages, including, but not limited to, loss of use of the funds he was owed, emotional distress, mental anguish, and inconvenience associated with Hartford's refusal to pay benefits when owed.

## V. ATTORNEY FEES, COSTS AND INTEREST

**30.**

Plaintiff repleads and incorporates the foregoing allegations as if fully set forth herein.

### 31.

Plaintiff has been required to employ the services of the law firm of Ruchti & Beck Law Offices and is entitled to recover reasonable court costs and attorney fees as provided by Idaho law and Idaho Code § 41-1839.

### 32.

That pursuant to Idaho Code § 28-22-104, Plaintiff is entitled to recover prejudgment interest from the date Ms. Ramsey passed away until receipt of payment from Hartford of the amount justly due.

WHEREFORE, Plaintiff prays for judgment against Hartford as follows:

1. For compensatory damages (both economic and non-economic) caused by Hartford's breach of contract, Hartford's breach of its duty of good faith and fair dealing, and Hartford's bad faith;

2. For prejudgment interest as allowed by Idaho law;

3. For reasonable court costs and attorney fees, as provided by Idaho law, including Idaho Code § 41-1839; and

4. For such other and further relief as the Court deems just and equitable.

## REQUEST FOR JURY TRIAL

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES.

DATED this 19th day of September, 2012.

RUCHTI & BECK LAW OFFICES

*(signature)*

JAMES D. RUCHTI
*Attorneys for Plaintiff*

*Certificate of Insurance*

## Hartford Life and Accident Insurance Company
Hartford, Connecticut

Policyholder: Advantage Plus Federal Credit Union
Policy Number: ADD-10742



THE HARTFORD

We have issued a Policy to the Policyholder. Our name, the Policyholder name and the Policy Number are shown above. The provisions of the Policy which are important to You are summarized in this Certificate; consisting of this Certificate and any additional forms which have been made a part of this Certificate. This Certificate replaces all certificates which may have been given to You earlier for the Policy. The Policy alone is the only contract under which payment will be made. Any difference between the Policy and this Certificate will be settled according to the provisions of the Policy.

*Ricardo A. Antúlduo, Secretary*

*John C. Walters, President*

--- **SCHEDULE** ---

Insured Person: Margie Ramsey
210 Circle Inn Dr. #202
Chubbuck, ID 83202

Effective Date of Coverage: September 01, 2006
Basic (Non-Contributory) Principal Sum Amount: $1,000
Voluntary (Contributory) Principal Sum Amount: $100,000
Coverage Type: Family
Premium for Voluntary Plan: $45.00
Coverage ID: 735516950

**NOTE:** Premiums will be automatically debited from your share account the first week of each quarter beginning with the effective date indicated above.

**Accidental Death and Dismemberment Reduction on and after Age 70:** On the date You attain age 70, Your amount of Principal Sum will reduce by 50%. If You are age 70 or over, You will not be eligible for a Principal Sum Amount that is more than 50% of the Principal Sum Amount(s) shown above.

**Limitation:** If You have more than one Certificate under the Policy's Voluntary Plan, the total Principal Sum Amount of Voluntary coverage under all Certificates may not exceed the Maximum Amount of $300,000 under the Voluntary Accidental Death and Dismemberment Benefit. If coverage exceeds the Maximum Amount, premiums paid for coverage over the Maximum Amount will be refunded.

--- **ADDITIONAL PROVISIONS** ---

**30 DAY RIGHT TO EXAMINE CERTIFICATE:** We urge You to examine this certificate closely. If You are not satisfied, return it to Us within 30 days of Your Effective Date. In that event, We will consider it void from the certificate Effective Date and any premium paid will be refunded. Any claims paid during the initial 30 day period will be deducted from the refund.

**CUSTOMER ASSISTANCE:** For customer assistance and information call: 1-800-860-7182, 7:00 A.M to 6:00 P.M., Monday through Friday, and 8:30 A.M. to 5:00 P.M., Saturday, CST.

Form PA-8437 A3 (ADD-10742)
Printed in U.S.A.

HC05-301 (4/05)



EXHIBIT A

**ADDITIONAL PROVISIONS:**

**ADAPTIVE HOME AND VEHICLE BENEFIT (VOLUNTARY PLAN):** If a Covered Person's Injury results in a covered Loss, except of Loss of Life, and a benefit is payable under the Voluntary Plan's Accidental Death and Dismemberment Benefit, We will pay the lesser of: a) 2% of the Principal Sum; b) the actual cost; or c) $2,500; for the one-time cost of alterations incurred within two years from the date of the accident to the Covered Person's: a) principal residence; and/or b) Private Automobile; to make the residence accessible and/or the Private Automobile drivable or rideable for the Covered Person. The benefit will be payable only if: a) such home alterations are: 1) made by a person or persons with experience in such alterations; and 2) recommended by a recognized organization associated with the Injury; and/or b) such vehicle modifications are: 1) carried out by a person or persons with experience in such matters; and 2) approved by the Motor Vehicle Department. Private Automobile means a four wheeled: private passenger car, station wagon, pick-up truck, van, sport utility vehicle or jeep-type automobile which is not being used as a common carrier. Common Carrier means a conveyance operated by a concern, other than the Policyholder, organized and licensed for the transportation of passengers for hire and operated by an employee of that concern. Your Principal Sum Amount under the Voluntary Plan, if elected, is stated in the Schedule. The Principal Sum Amount applicable to Your Covered Dependents, if any, is shown as a percentage of Your Principal Sum Amount in the Voluntary Plan's Accidental Death and Dismemberment Benefit.

**CERTIFICATE MODIFICATIONS:** This certificate as issued is amended as follows: The following is added to the CLAIMS section of the certificate: Extension of Benefits: We will continue coverage for dismemberment Loss which occurs after termination of the Policy provided it was a result of a disabling condition which occurred while the Policy was in force.
Form PA-5427 B10 (ID) (b) Rev.-1

**DAY CARE BENEFIT (VOLUNTARY PLAN):** We will pay a Day Care Benefit for each of Your Eligible Dependents who are covered under the Policy if: a) a Principal Sum is payable under the Accidental Death and Dismemberment Benefit because of Your death; and b) such dependent is under age 14 at the time of Your death; and c) proof of enrollment in a Day Care Program is provided as described below. Payment will be made to the person who has legal physical custody of the Eligible Dependent and who has primary responsibility for the Eligible Dependent's Expenses. Payment will be made in accordance with the Claims provision of the Policy. Proof of enrollment for each child in a Day Care Program may be in the form of, but will not be limited to, the following: a) a copy of the child's approved enrollment application in a Day Care Program; or b) cancelled check(s) evidencing payment to a Day Care facility or Day Care Provider; or c) a letter from the Day Care facility or Day Care provider stating that the child: 1) is attending a Day Care Program; or 2) has been enrolled in a Day Care Program and will be attending within 365 days of the date of Your death. Proof of enrollment must be sent to Us prior to the last day of the 12th month on or next following the date of Your death. One Day Care Benefit payment will be made each year, for a maximum of 2 Day Care benefit payments, for each Eligible Dependent Child. The Day Care Benefit is the lesser amount of: a) the Maximum Amount of $2,000; or b) 2% of Your Principal Sum Amount. We will pay the Minimum Amount of $1,000 in accordance with the Claims Provision for payment of benefits for Loss of Life if: a) a Principal Sum is payable because of Your death; and b) no person qualifies as an Eligible Child for a Day Care Benefit. Your Principal Sum Amount under the Voluntary Plan, if elected, is stated in the Schedule. Day Care Program means a program of child care which: a) is operated in a private home, school or other facility; and b) provides, and makes a charge for, the care of children; and c) is licensed as a Day Care center or is operated by a licensed Day Care provider, if such licensing is required by the state of jurisdiction in which it is located; or d) if licensing is not required, provides child care on a daily basis for 12 months a year.

**ACCIDENT HOSPITAL INCOME BENEFIT (VOLUNTARY PLAN):** We will pay the Monthly Benefit equal to 1% of a Covered Person's Principal Sum to a Maximum Monthly Amount of $2,500 or a portion thereof when a Covered Person is Confined during one or more periods of Hospital Confinement if: a) the Confinement is due to Injury; b) the first day of Confinement occurs within 30 days after the accident; and c) the Confinement exceeds the Waiting Period of 7 days. For a period of less than one month, 1/30th of the Monthly Benefit will be paid for each day of Confinement for which benefits are payable. We will not pay for any day of Confinement which: a) is applied to the Waiting Period at the beginning of Confinement; b) exceeds the Benefit Payment Period of 12 months; c) occurs after 2 years from the date of accident; or d) exceeds the Monthly Benefit.

SPECIMEN COPY

Payment will be made for the days applied to the Waiting Period if the Confinement exceeds the Waiting Period. The Waiting Period is applied only once for any one accident. Confined and Confinement mean: a) being admitted to a Hospital for receiving inpatient hospital services; and b) the patient is charged for at least one day's room and board by the Hospital each time he or she is admitted. A period of Confinement consists of consecutive days of Confinement following the date a Covered Person is admitted as an inpatient. The last calendar day of a period of Confinement is not counted as a day of Confinement unless a charge is made for the last day. Hospital means an institution which: a) operates pursuant to law; b) primarily and continuously provides medical care and treatment of sick and injured persons on an inpatient basis; c) operates facilities for medical and surgical diagnosis and treatment by or under the supervision of a staff of legally qualified physicians; and d) provides 24 hour a day nursing service by or under the supervision of registered graduate nurses (R.N.). Hospital does not mean any institution or part thereof which is used primarily as: a) a nursing home, convalescent home, or skilled nursing facility; b) a place for drug addicts or alcoholics; or c) a place for rest, custodial care, or for the aged. Your Principal Sum Amount under the Voluntary Plan, if elected, is stated in the Schedule. The Principal Sum Amount for Your Covered Dependents, if any, is shown as a percentage of Your Principal Sum Amount in the Voluntary Plan's Accidental Death and Dismemberment Benefit.

SPECIMEN COPY

# CERTIFICATE OF INSURANCE

**DEFINITIONS:** We, Us or Our means the insurance company named on the face page. You, Your or Insured Person means an Eligible Person while he or she is covered under the Policy. Covered Person means You or Your Eligible Dependent while You, he or she is covered under the Policy. Injury means bodily injury resulting directly from accident and independently of all other causes which occurs while the Covered Person is covered under the Policy. Loss resulting from: a) sickness or disease, except a pus-forming infection which occurs through an accidental wound; or b) medical or surgical treatment of a sickness or disease; is not considered as resulting from Injury. Common Carrier means a conveyance operated by a concern, other than the Policyholder, organized and licensed for the transportation of passengers for hire, with published schedules, and operated by an employee of that concern. On, when used with reference to any conveyance (land, water or air), means in or on, boarding or alighting from the conveyance. Civil or Public Aircraft means an aircraft which: a) has a current and valid Airworthiness Certificate; b) is piloted by a person who has a valid and current certificate of competency of a rating which authorizes him or her to pilot the aircraft; and c) is not operated by the militia or armed forces of any state, national government or international authority. Airworthiness Certificate means: a) the 'Standard' Airworthiness Certificate issued by the United States Federal Aviation Administration; or b) a foreign equivalent issued by the governmental authority with jurisdiction over civil aviation in the country of its registry. Military Transport Aircraft means a transport aircraft operated by: a) the United States Air Mobility Command (AMC); or b) a national military air transport service of any country. Written Request means any form provided by Us for the particular request.

**INSURED PERSON PERIOD OF COVERAGE:** Effective Date: Your Effective Date of Coverage is stated in Your Schedule. Termination: Your coverage under the Basic Plan terminates on the earlier of: a) the date the Policy is terminated; b) the Premium Due Date on or next following the date You cease to be an active member of the Policyholder; or c) the Premium Due Date on or next following the date the Policyholder terminates coverage under the Basic Plan of the Policy or ceases to pay the required premium. Your coverage under the Voluntary Plan, if elected, terminates on the earlier of: a) the date the Policy is terminated; b) the first day of the next premium cycle following receipt of Your request that Your Voluntary Benefits be terminated; c) the Premium Due Date on or next following the date You cease to be an active member of the Policyholder; or d) the Premium Due Date on which You fail to pay any required premium for Voluntary Benefits subject to the Individual Grace Period provision. Request for Cancellation of Coverage: You may cancel Your coverage at any time. You will be refunded any premium due as a result of such cancellation. You may cancel by writing to: Plan Administrator, P.O. Box 40606, Nashville, TN 37204 or by calling Customer Assistance. Request for Change in Coverage: If You give Us a Written Request for a change in Your coverage, and if You: a) are not eligible for the coverage requested, the change will not become effective; b) are eligible for the coverage requested, the change will become effective on the first day of the next premium cycle following receipt of Your request. Individual Grace Period: After the first premium has been paid, You will have a 31 day grace period following the date Your premium is due. If Your premium has not been received by Us before the 31 day grace period ends, Your Voluntary coverage under the Policy will terminate in accordance with the Termination provision unless reinstated. Reinstatement Following Termination: Any coverage which is reinstated will cover only those losses under this Policy which result from Injury which You and Your Covered Dependents sustained on or after the first day of the period to which the reinstatement premium payment is applied.

**DEPENDENTS PERIOD OF COVERAGE:** You are insured with Dependents Coverage if the Family Plan is stated in Your Schedule under Coverage Type. You are not an Eligible Dependent. Eligible Dependents: 1) Spouse means Your spouse unless You and Your spouse are legally separated or divorced; 2) Child or Children means Your unmarried child, newborn child, stepchild, legally adopted child, foster child, or child in the process of adoption: a) who is less than age 21 and primarily dependent on You for support and maintenance; or b) who is at least age 21 but less than age 25 who regularly attends an institution of learning and is primarily dependent on You for support and maintenance. Effective Date: Each Eligible Dependent will become covered under the Policy on the later of: a) the date You become an Insured Person; b) the first day of the next premium cycle following receipt of Your Written Request for coverage of Dependents; or c) the date the person qualifies as an Eligible Dependent. Termination: Coverage of each Eligible Dependent terminates on the Premium Due Date next following the earlier of: a) the date You cease to be an Insured Person; or b) the date he or she ceases to qualify as an Eligible Dependent. Incapacitated Child: Coverage of a Child who, on the date he or she reaches age 21 or 25, is: a) covered under the Policy; b) mentally or physically incapable of earning his or her own living; and c) unmarried and primarily dependent on You for support and maintenance; will not terminate solely due to age. However, You must give Us notice of the incapacity within 31 days of the termination date. Coverage will continue so long as: a) the incapacity continues; and b) the required premium is paid. We may, from time to time, require proof of continued incapacity and dependency. After the first two years, We cannot require proof more than once each year. Request for Change in Coverage: If You give Us a Written Request for a change in coverage, and: a) are not eligible for the coverage requested, it will not become effective; or b) are eligible for the coverage requested, the change will become effective the first day of the next premium cycle following receipt of Your request.

**EXCLUSIONS:** The Policy does not cover any Loss resulting from: 1. intentionally self-inflicted injury, suicide or attempted suicide, whether sane or insane; 2. war or act of war, whether declared or undeclared; 3. Injury sustained while full-time in the armed forces of any country or international authority. (Coverage will be provided for Injury resulting from non-military or non-combat activity within the U.S.); 4. Injury sustained while riding On any aircraft except a Civil or Public Aircraft, or Military Transport Aircraft; 5. Injury sustained while riding On any aircraft: a) as a pilot, crewmember or student pilot; b) as a flight instructor or examiner; or c) if it is owned, operated or leased by or on behalf of the Policyholder, or any employer or organization whose eligible persons are covered under the Policy; 6. Injury sustained while voluntarily taking drugs which federal law prohibits dispensing without a prescription, including sedatives, narcotics, barbiturates, amphetamines, or hallucinogens, unless the drug is taken as prescribed or administered by a licensed physician; 7. Injury sustained while committing or attempting to commit a felony; 8. Injury sustained as a result of being legally intoxicated from the use of alcohol.

**ACCIDENTAL DEATH AND DISMEMBERMENT BENEFIT (BASIC PLAN - INSURED PERSON ONLY):** If Your Injury results in any of the following losses within 365 days after the date of accident, We will pay the sum stated opposite the Loss shown in the Loss Table. We will not pay more than the Principal Sum for all losses due to the same accident. Your amount of the Principal Sum under the Basic Plan is shown in the Schedule.

**ACCIDENTAL DEATH AND DISMEMBERMENT BENEFIT (VOLUNTARY PLAN):** If a Covered Person's Injury results in any of the following losses within 365 days after the date of accident, We will pay the sum stated opposite the Loss shown in the Loss Table. We will not pay more than the Principal Sum for all losses due to the same accident. Your amount of the Principal Sum for the Voluntary Plan, if elected, is shown in the Schedule. The Principal Sum for Your Dependents, if Dependents Coverage is elected, is a percentage of Your Principal Sum as follows:

SPECIMEN COPY

|  | Spouse | Each Child |  |
|---|---|---|---|
| You with:* Spouse only | 60% | 0% |  |
| Spouse & Child(ren) | 50% | 20% |  |
| Child(ren), but no Covered Spouse | 0% | 25% | *As determined on the date of accident |

### LOSS TABLE

For Loss of:
- Life .......................................................................... 100% Principal Sum
- Both Hands or Both Feet or Entire Sight of Both Eyes ................. 100% Principal Sum
- One Hand and One Foot ................................................ 100% Principal Sum
- Speech and Hearing in Both Ears ...................................... 100% Principal Sum
- Either Hand and Entire Sight of One Eye .............................. 100% Principal Sum
- Either Foot and Entire Sight of One Eye .............................. 100% Principal Sum
- Either Hand or Foot ..................................................... 50% Principal Sum
- Entire Sight of One Eye ................................................. 50% Principal Sum
- Speech ................................................................... 50% Principal Sum
- Hearing in Both Ears ................................................... 50% Principal Sum
- Thumb and Index Finger of Same Hand ............................... 25% Principal Sum

Loss means with regard to: a) hands and feet, actual severance through or above the wrist or ankle joints; b) sight, speech or hearing, entire and irrecoverable loss thereof; c) thumb and index finger, actual severance through or above the metacarpophalangeal joints. Exposure: Exposure to the elements will be presumed to be injury if: a) it results from the forced landing, stranding, sinking or wrecking of a conveyance in which the Covered Person was an occupant at the time of the accident; and b) the Policy would have covered injury resulting from the accident. Disappearance: A Covered Person will be presumed to have suffered Loss of Life if: a) his or her body has not been found within one year after the disappearance of a conveyance in which he or she was an occupant at the time of its disappearance; b) the disappearance of the conveyance was due to its accidental forced landing, stranding, sinking or wrecking; and c) the Policy would have covered injury resulting from the accident.

**ANTI-INFLATION BENEFIT (BASIC AND VOLUNTARY PLANS):** If: a) a Covered Person's Injury results in a Loss; and b) a Principal Sum is payable under the Voluntary Plan's Accidental Death and Dismemberment Benefit; We will pay an inflation adjustment in addition to the Principal Sum. The Anti-Inflation Benefit will be the amount of the Covered Person's Voluntary Plan's Principal Sum, at the time of Claim, multiplied by: a) 5%; for b) every two (2) years of continuous coverage the Covered Person had under the Policy; to a maximum of ten (10) years and subject to a maximum of 125% of the Covered Person's original Principal Sum. If a Covered Person adds to the coverage, the Anti-Inflation Benefit will be applied separately to each additional amount applied for; likewise, if coverage is reduced, any Anti-Inflation Benefit which was increased will be reduced proportionately.

**COMMON CARRIER BENEFIT (VOLUNTARY PLAN):** If a Loss is sustained by a Covered Person while riding as a passenger on any Common Carrier, the amount of Principal Sum payable under the Voluntary Accidental Death and Dismemberment Benefit will be doubled. Your Principal Sum Amount under the Voluntary Plan, if elected, is stated in the Schedule. The Principal Sum Amount applicable to Your Covered Dependents, if any, is shown as a percentage of Your Principal Sum Amount in the Voluntary Plan's Accidental Death and Dismemberment Benefit.

**EDUCATION BENEFIT (VOLUNTARY PLAN):** If: a) Your Eligible Dependent Child(ren) are covered under the Policy; and b) a Principal Sum is payable under the Accidental Death and Dismemberment Benefit because of Your death; We will pay an Education Benefit to each Student as provided below. A Student is a person for whom We receive proof that he or she: a) is covered as Your Eligible Dependent on the date of Your death; and b) is a full-time post-high school student in a school for higher learning on the date of Your death; or c) became a full-time post-high school student in a school for higher learning within 365 days after Your death and was a student in the 12th grade on the date of Your death. He or she is not considered to be a Student after the first to occur of: a) Our payment of the fourth Education Benefit to or on behalf of that person; or b) the end of the 12th consecutive month during which We have not received proof that he or she is a Student. The Education Benefit is equal to the amount determined by applying 2% to the amount of Your Principal Sum under the Voluntary Plan. We will not pay more than one Education Benefit to any one Student during any one school year. The Education Benefit is payable to each person: a) on the date; and b) for whom; We have received proof that he or she is a Student. If he or she is a minor, We will pay the benefit to the Student's legal representative. If: a) a Principal Sum is payable because of Your death; and b) no person qualifies as a Student; We will pay 2% of Your Principal Sum under the Voluntary Plan in accordance with the claims provision for payment of benefits for Loss of Life.

**CLAIMS:** Notice of Claim: The person who has the right to claim benefits (the claimant or beneficiary) must give Us written notice of a claim within 30 days after a covered Loss begins. If notice cannot be given within that time, it must be given as soon as reasonably possible. The notice should include Your name and the Policy number. Send it to Our Plan Administrator, P.O. Box 40606, Nashville, TN 37204. Claim Forms: When We receive the notice of claim, We will send forms to the claimant for giving Us proof of Loss. The forms will be sent within 15 days after We receive the notice of claim. If the forms are not received, the claimant will satisfy the proof of Loss requirement if a written notice of the occurrence, character and nature of the Loss is sent to Us. Proof of Loss: Proof of Loss must be sent to Us in writing within 90 days after: a) the end of a period of Our liability for periodic payment claims; or b) the date of the Loss for all other claims. If the claimant is not able to send it within that time, it may be sent as soon as reasonably possible without affecting the claim. The additional time allowed cannot exceed one year unless the claimant is legally incapacitated. Time of Claim Payment: We will pay any monthly benefit due: a) on a monthly basis, after We receive the proof of Loss, while the Loss lasts and Our liability continues; or b) as soon as possible after We receive the required proof of Loss following the end of Our liability. We will pay any other benefit due as soon as possible after We receive proof of Loss and other forms that may be necessary to adjudicate the claim. Payment of Claims: We will pay any benefit due for Loss of Your Life: a) according to the beneficiary designation in effect under the Policy at the time of Your death; otherwise, to the survivors, in equal shares, in the first of the following classes to have a survivor at Your death: 1) spouse, 2) children, 3) parents, 4) brothers and sisters. If there is no survivor in these classes, payment will be made to Your estate. All other benefits due and not assigned will be paid to You, if living. Otherwise, the benefits will be paid according to the above. If a benefit due is payable to: a) Your estate; or b) You or any person who is either a minor or not competent to give a valid release for the payment; We may pay up to $1,000 of the amount to some other person. The other person will be someone related to the minor or the incompetent person by blood or marriage who We believe is entitled to the payment. We will be relieved of further responsibility to the extent of any payment made in good faith. Physical Examinations and Autopsy: While a claim is pending We have the right at Our expense: a) to have the person who has a Loss examined by a physician when and as often as We feel is necessary; and b) to make an autopsy in case of death where it is not forbidden by law. Legal Actions: You cannot take legal action against Us: a) before 60 days following the date proof of Loss is sent to Us; b) after 3 years following the date proof of Loss is due. Naming a Beneficiary: You may name a beneficiary or change a revocably named beneficiary by giving Your Written Request to the Policyholder. Your request takes effect on the date You execute it, regardless of whether You are living when the Policyholder receives it. We will be relieved of further responsibility to the extent of any payment We made in good faith before the Policyholder received Your request. Assignment: We will recognize any assignment You make under the Policy, provided: a) it is duly executed; and b) a copy is on file with Us. We and the Policyholder assume no responsibility for the validity or effect of an assignment.

**Third Party Administrator Notice:** The Hartford Life and Accident Insurance Company has contracted with an Independent Third Party Administrator to provide administrative services under a Policy issued to the Policyholder named in this Certificate.

| | |
|---|---|
| The Insurance Carrier for the Policy is:<br>Hartford Life and Accident Insurance Company<br>200 Hopmeadow Street<br>Simsbury, CT 06089 | Plan Administrator<br>P.O. Box 40606<br>Nashville, TN 37204<br>Please submit all claim forms to Administrator |

## activation form
### Hartford Life and Accident Insurance Company AD&D Insurance

## Advantage Plus Federal Credit Union

Please respond by: July 5, 2006

☑ **YES**, I accept the $1,000 of insurance coverage, paid for me by Advantage Plus Federal Credit Union, by signing below and mailing this form.

**a)** $1,000 of credit union paid coverage.

- **ADD UP TO $300,000 PROTECTION**
- **SEND NO MONEY • TAKE NO MEDICAL EXAM**

Please select your coverage level:
- ☐ $300,000
- ☐ $75,000
- ☑ $100,000 (Recommended)
- ☐ $50,000

**b)** Check here to add up to $300,000 of affordable coverage.

| Additional Coverage* | Individual Only Cost per Month | Family Plan Cost per Month |
|---|---|---|
| $50,000 | $5.00 | $7.50 |
| $75,000 | $7.50 | $11.25 |
| $100,000 | $10.00 | $15.00 |
| $300,000 | $30.00 | $45.00 |

*Coverage is reduced 50% at age 70 or older.
Rates and/or benefits may be changed on a class basis.

**CHOOSE FAMILY OR SINGLE COVERAGE:**
- ☑ Family (Covers you, your spouse and dependent children) $1.50 per month for each $10,000 of coverage
- ☐ Single (Covers you alone) $1.00 per month for each $10,000 of coverage

Choose family coverage to include your spouse and any dependent children. See the enclosed information for effective date and family coverage information.

Advantage Plus Federal Credit Union Member:

2107554307L3 RAMSEL 72VP513 3 C

Name: MARGIE RAMSEY
Address: 3610 HIGHWAY 30 W
City, State, Zip: POCATELLO, ID 83201-L075
Email (optional): _____

Name of beneficiary: Johnny Ramsey
Relationship to you: Ex Husban

**Please sign and mail this form.**
Charge Authorization. Yes, please sign me up for this insurance plan. I have received and read all insurance disclosures, and I authorize my credit union and its service provider to automatically charge my account quarterly according to the rate schedule for any coverage I select to complement my $1,000 of coverage paid by my credit union.

Signature: _Margie L Ramsey_   Date: 5/25/06

Signer will be the primary insured person. Must be age 18 or older. Coverage is reduced by 50% at age 70 or older.

Mail your completed form to the Plan Administrator in the postage-paid envelope.

Dave Ford, License #799560
Policy Form #7583 A2

©2004, 2006 Affinion Group
ACD6023124110106
TM18078-6
10024

Sign and return this complete page.

**EXHIBIT B**

State of Idaho
# DEPARTMENT OF INSURANCE

**C.L. "BUTCH" OTTER**
Governor

700 West State Street, 3rd Floor
P.O. Box 83720
Boise, Idaho 83720-0043
Phone (208) 334-4250   Fax (208) 334-4298
http://www.doi.idaho.gov

**WILLIAM W. DEAL**
Director

**To:** HARTFORD LIFE & ACCIDENT INSURANCE COMPANY
% CORPORATION SERVICE COMPANY
12550 W. EXPLORER DRIVE, SUITE 100
BOISE  ID  83713

**CC:** Plaintiff's counsel (w/o Enclosures) via First Class Mail

**From:** Idaho Department of Insurance

**Date:** 9/24/2012

**Re:** NOTICE OF SUMMONS AND COMPLAINT AND DEMAND FOR JURY TRIAL AND PLAINTIFF'S FIRST SET OF DISCOVERY OF THE SIXTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF BANNOCK CASE NO. CV 12-4028OC.

## RAMSEY v HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY

---

YOU WILL PLEASE TAKE NOTICE that a due and regular service of a SUMMONS AND COMPLAINT AND DEMAND FOR JURY TRIAL AND PLAINTIFF'S FIRST SET OF DISCOVERY, in connection with the above-entitled action, was made upon you by US MAIL on the TWENTY FOURTH day of SEPTEMBER, 2012, by delivering in Boise, Idaho, on the said date to the Director of the Department of Insurance, State of Idaho, who is the duly and regularly appointed Statutory Agent. A copy of each instrument is enclosed herewith to you as provided by law.

IN WITNESS WHEREOF, I have hereunto set my hand and the official seal of this office at Boise, Idaho, this TWENTY FOURTH day of SEPTEMBER, 2012.

/s/ William W. Deal  /TJ
William W. Deal
DIRECTOR
Department of Insurance
State of Idaho

Cert Num. 7007 3020 0001 4043 8074



James D. Ruchti [ISB No. 6366]
Joel A. Beck [ISB No. 6482]
Ruchti & Beck Law Offices
275 South 5th Ave. Suite 140
Pocatello, Idaho 83201
Telephone No. (208) 478-5100
Facsimile No. (208) 232-5100

*Attorneys for Plaintiff*

IN THE DISTRICT COURT OF THE SIXTH JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF BANNOCK

| | |
|---|---|
| JOHNNY RAMSEY, an individual, | Case No. CV 12-4028 OC |
| Plaintiff, | |
| vs. | **SUMMONS** |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, a foreign corporation, | |
| Defendant. | |

NOTICE: YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF(S). THE COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE UNLESS YOU RESPOND WITHIN 30 DAYS. READ THE INFORMATION BELOW.

**TO:   HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY**

You are hereby notified that in order to defend this lawsuit, an appropriate written response must be filed with the above designated court within 30 days after service of this Summons on you. If you fail to so respond the court may enter judgment against you as demanded by the plaintiff(s) in the Complaint.

A copy of the Complaint is served with this Summons. If you wish to seek the advice of or representation by an attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and other legal rights protected.

**Summons – Page 1**
(S:\1311-001 RamseyJ\Summons.wpd)

An appropriate written response requires compliance with Rule 10(a)(1) and other Idaho Rules of Civil Procedure and shall also include:

1. The title and number of this case.

2. If your response is an Answer to the Complaint, it must contain admissions or denials of the separate allegations of the Complaint and other defenses you may claim.

3. Your signature, mailing address and telephone number, <u>or</u> the signature, mailing address and telephone number of your attorney.

4. Proof of mailing or delivery of a copy of your response to plaintiff's attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named court.

DATED this ____ day of September, 2012.

CLERK OF THE COURT

(SEAL)

By: _____
Deputy Clerk